UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DUNKIN' DONUTS FRANCHISED RESTAURANTS LLC, a Delaware Limited Liability Company, DUNKIN' DONUTS FRANCHISING LLC, a Delaware Limited Liability Company, DD IP HOLDER LLC, a Delaware Limited Liability Company, BASKIN-ROBBINS FRANCHISED SHOPS LLC, a Delaware Limited Liability Company, BASKIN-ROBBINS FRANCHISING LLC, a Delaware Limited Liability Company, BR IP HOLDER LLC, a Delaware Limited Liability Company, DB REAL ESTATE ASSETS I LLC, a Delaware Limited Liability Company, and DB REAL ESTATE ASSETS II LLC, a Delaware Limited Liability Company,

Plaintiffs,

v.

INTERNAL MATTERS, INC., a Rhode Island Corporation,

Defendant.

MISC 08 80S

C.A. No. 08-

**MEMORANDUM OF LAW IN SUPPORT**
**<u>OF PLAINTIFFS' MOTION TO ENFORCE SUBPOENA</u>**

**INTRODUCTION**

Plaintiffs Dunkin' Donuts Franchised Restaurants LLC, Dunkin' Donuts Franchising LLC, DD IP Holder LLC, Baskin-Robbins Franchised Shops LLC, Baskin-Robbins Franchising LLC, BR IP Holder LLC, DB Real Estate Assets I LLC, and DB Real Estate Assets II LLC (collectively "Dunkin'") seek the enforcement of a subpoena issued to Internal Matters, Inc. ("Internal Matters") a third-party company located in Rhode Island that provides database storage for the Defendants in a civil action pending in another United States District Court.

Internal Matters has neither responded nor objected to the subpoena and instead – aside from an initial conversation in which it acknowledged receiving the subpoena – has ignored its obligations in their entirety and has ignored numerous attempts by Dunkin' to contact it about producing the documents at issue here. These documents are central to Dunkin's claims that Defendants failed to pay overtime wages to their employees, failed to pay all payroll taxes due, failed to verify legal work status for all of their employees and misused the identities of former employees and others. Dunkin' respectfully asks this Court to enforce the subpoena in full and without further delay.

## BACKGROUND

On August 6, 2007, Dunkin' filed a lawsuit in United States District Court for the District of Massachusetts in a case captioned *Dunkin' Donuts Franchised Restaurants LLC, et al. v. Agawam Donuts, Inc.*, Case No. 1:07-cv-11444-RWZ. The Defendants[1] are former Dunkin' Donuts and Baskin-Robbins franchisees who operate a 52-store network in Massachusetts and Florida. The lawsuit alleges that the Defendants breached their franchise agreements by violating state and federal wage and hour, immigration and identity theft laws, and by engaging in trademark and trade dress infringement. *See* Complaint, attached hereto as Ex. A.

Internal Matters provides database storage for the Defendants' business operations. Dunkin' has learned through the discovery process that Internal Matters maintains electronically stored documents concerning the Defendants' business operations dating back several years, including payroll records and daily cash reports, which detail sales and various expenses for

[1] The Defendants in the suit filed in the District of Massachusetts case are: Agawam Donuts, Inc., Belmont Donuts, Inc., Derek Donuts, Inc., J.A. Donuts, Inc., Jessica Donuts, Inc., JNS Commissary, Inc., Lori Donuts, Inc., Rocky Donuts, Inc., West Side Donuts, Inc., John Salema, Alexander DaSilva, B.E. Donuts, Inc., LPJ Donuts, Inc., Springfield Donuts, Inc., Supermarket Donuts, Inc., Fletcher Donuts, LLC, Lori Martins, Peter Martins, Jessica Salema, and Derek Salema.

individual stores. The Defendants have informed Dunkin' that they do not store this information in their own computers, but rely on Internal Matters as its service provider to maintain this data for them.

Dunkin' sent the subpoena at issue to Internal Matters, care of its Chief Operating Officer Christopher Caouette, on May 1, 2008. The documents requested by the Subpoena were those relating to the Defendants and their business operations for the period from January 1, 2002, to the present date. The Subpoena required Internal Matters to produce these documents on or before May 16, 2008. *See* Subpoena and Attach., attached here to as Ex. B.

On May 7, 2008, a person identifying himself as "Chris" contacted a paralegal working for Dunkin's counsel and stated that he worked for Internal Matters. In that conversation, Chris acknowledged that Internal Matters had received the Subpoena and stated that the company was working to comply with it. The paralegal and Internal Matters' representative reviewed the attachment to the Subpoena. During the conversation, Internal Matters agreed that it would immediately produce the payroll records and then forward the daily cash reports within a few days. *See* Certification of Daniela Rojas, attached hereto as Ex. C.

Despite these assurances, Internal Matters failed to produce any documents by the May 16, 2008 deadline or at any time thereafter. In fact, after the initial conversation on May 7, 2008, all communications with Internal Matters ceased completely. Counsel for Dunkin' attempted to contact Internal Matters on several occasions and left voicemail messages asking after the status of the document production. Internal Matters failed to return any of these calls.

On May 21, 2008, counsel for Dunkin' sent Internal Matters a letter, care of Mr. Caouette, asking for the documents to be produced by May 29 and informing the company that Dunkin' would seek a court order enforcing compliance with the subpoena if it did not respond.

*See* Letter dated May 21, 2008, attached hereto as Ex. D. No response to this letter has been received. As of the date of this Motion, Internal Matters has not produced a single document in response to the Subpoena.

**ARGUMENT**

The touchstone for discovery is whether information sought is relevant or reasonably calculated to lead to the discovery of admissible evidence, and is not shielded by any privilege. Fed. R. Civ. P. 26(b)(1). Parties are to be afforded a broad and liberal opportunity to conduct pretrial discovery, a policy that militates strongly in favor of disclosure of the financial information in this case. *See Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Indeed, "[t]he federal rules evince a liberal policy with regard to discovery in order to allow litigants to secure helpful evidence from the hands of their adversaries." *Schlesinger Invest. Partnership v. Fluor Corp.*, 671 F.2d 739, 742 (2d Cir. 1982).

The enforcement of a pretrial subpoena *duces tecum* is committed to the sound discretion of the district court. *Wayte v. United States,* 470 U.S. 598 (1984). The moving party must show, among other things, that the material sought is evidentiary and relevant. *United States v. Lieberman*, 608 F.2d 889, 904 (1st Cir. 1979). Here, Dunkin' is entitled to the documentation requested due to its high degree of relevancy, and Internal Matters fails to make any objection which would preclude it.

Dunkin's subpoena seeks documents from the period of January 1, 2002, through the current date relating to the Defendants, including the database Internal Matters maintains containing information regarding Defendants' employees and Internal Matters' backup tapes regarding the same. These records are plainly relevant to Dunkin's claims that Defendants violated the Fair Labor Standards Act by failing to pay overtime wages to their employees and

by engaging in tax fraud. Dunkin' has alleged that Defendants failed to pay overtime wages to their employees, failed to pay all payroll taxes due, and filed false tax returns. The requested documents are directly relevant to Dunkin's claims against Defendants, and there are no legitimate grounds for Internal Matters to withhold production of the requested documents.

Even if there were such grounds, Internal Matters has failed to assert any objection to Dunkin's subpoena. Pursuant to Federal Rule of Civil Procedure 45(c)(2)(B), Internal Matters has thus waived its right to object now, given that the Rule provides for objections to be made "within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service . . . ." Numerous courts have held that failure to object within the time period designated by Rule 45(c)(2)(B) constitutes a waiver of any objections that could have been made if the recipient of the subpoena had responded in a timely manner. *See, e.g., Wang v. Hsu*, 919 F.2d 130, 131 (10th Cir. 1990) (ruling that nonparty did not timely object to subpoena); *Creative Gifts, Inc. v. UFO*, 183 F.R.D. 568, 570 (D.N.M. 1998) (nonparty waived right to object to subpoena by failing to respond within 14 days of service); *Deal v. Lutheran Hospitals & Homes*, 127 F.R.D. 166, 168 (D. Alaska 1989) (granting motion to compel based on nonparty's untimely objections to subpoena); *United States v. Int'l Bus. Mach. Corp.*, 70 F.R.D. 700, 701-702 (S.D.N.Y. 1976) (same). In direct violation of Federal Rule of Civil Procedure 45, Internal Matters simply refuses to produce the documents. Accordingly, Dunkin's Motion should be granted, and Internal Matters should be ordered to produce all documents responsive to Plaintiffs' subpoena forthwith.

## CONCLUSION

For the foregoing reasons, Dunkin' respectfully requests that the Court order the subpoena issued to Internal Matters be enforced, require Internal Matters to produce the documents requested, and award Dunkin' its attorneys' fees and costs incurred in this Motion.

DUNKIN' DONUTS FRANCHISED RESTAURANTS LLC, DUNKIN' DONUTS FRANCHISING LLC, DD IP HOLDER LLC, BASKIN-ROBBINS FRANCHISED SHOPS LLC, BASKIN-ROBBINS FRANCHISING LLC, BR IP HOLDER LLC, DB REAL ESTATE ASSETS I LLC, and DB REAL ESTATE ASSETS II LLC

By their Attorneys,

Mark W. Freel (#4003)
Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)
mfreel@eapdlaw.com
rripple@eapdlaw.com

*Of Counsel:*

Robert L. Zisk
Jeffrey L. Karlin
GRAY, PLANT, MOOTY, MOOTY & BENNETT, P.A.
2600 Virginia Avenue, N.W., Suite 1111
Washington, DC 20037
Telephone: (202) 295-2200
Facsimile: (202) 295-2250

Robert A. Murphy (Bar No. 363700)
Donna Brewer Mackenna (Bar No. 545254)
CASNER & EDWARDS, LLP
303 Congress Street, 2nd Floor
Boston, Massachusetts 02210
Telephone: (617) 426-5900

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of September, 2008, the foregoing document was served via first class mail upon the following:

Christopher E. Caouette
Internal Matters, Inc.
1237 East Main Road
Portsmouth, Rhode Island 02871

Max D. Stern
STERN SHAPIRO WEISSBERG &
GARIN, LLP
90 Canal Street, Suite 500
Boston, MA 02114
Tel. (617) 742-5800
Fax: (617) 742-5858

Howard M. Cooper
Edward Foye
Carla A. Salvucci
Erica Fuller
TODD & WELD LLP
28 State Street
Boston, MA 02109
Tel: (617) 720-2626
Fax: (617) 227-5777

[signature]