AO88 (Rev. 12/07) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

District of Rhode Island

DUNKIN' DONUTS FRANCHISED RESTAURANTS LLC, et al.,
Plaintiffs and Counterclaim Defendants,
v.
AGAWAM DONUTS, INC., et al.,
Defendants, Counterclaim Plaintiffs, and Third-Party Plaintiffs,
v.
DUNKIN' BRANDS, INC., et al.,
Third-Party Defendants.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:07-cv-11444-RWZ
* Pending in the United States District Court for the District of Massachusetts

TO: Internal Matters, Inc.
Serve: Christopher E. Caouette
1237 East Main Road
Portsmouth, Rhode Island 02871

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See "Attachment A."

| PLACE CASNER & EDWARDS, LLP<br>303 Congress Street, 2nd Floor<br>Boston, Massachusetts 02210 | DATE AND TIME<br>May 16, 2008 at 9:30 AM |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Stephen J. Vaughan (signature) Attorney for Plaintiffs, Counterclaim Defendants and Third-Party Defendants | 05/01/08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Stephen J. Vaughan, Esq.
Gray, Plant, Mooty, Mooty & Bennett, P.A.
2600 Virginia Avenue, NW - Suite 1111
Washington, D.C. 20037
Telephone: (202) 295-2200

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 05/01/08 | 1237 East Main Road<br>Portsmouth, Rhode Island 02871 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Internal Matters, Inc. | Certified Mail/<br>Return Receipt Requested |
| **SERVED BY (PRINT NAME)** | **TITLE** |
| Daniela C. Rojas | Paralegal |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on May 1, 2008
DATE

SIGNATURE OF SERVER

Gray, Plant, Mooty, Mooty & Bennett, P.A.
2600 Virginia Avenue, NW - Suite 1111

ADDRESS OF SERVER

Washington, D.C. 20037

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**ATTACHMENT A**
**SUBPOENA TO INTERNAL MATTERS, INC.**

1. For January 1, 2002 through the present, produce any documents reflecting any and all transactions between your institution or any of its affiliates or subsidiaries and the following entities and or individuals, whether individually or jointly:

a. AGAWAM DONUTS, INC.;

b. B. E. DONUTS, INC.;

c. BELMONT DONUTS, INC.;

d. DEREK DONUTS, INC.;

e. J. A. DONUTS, INC.;

f. JESSICA DONUTS, INC.;

g. JNS COMMISSARY, INC.;

h. LORI DONUTS, INC.;

i. LPJ DONUTS, INC.;

j. ROCKY DONUTS, INC.;

k. SPRINGFIELD DONUTS, INC.;

l. SUPERMARKET DONUTS, INC.;

m. WEST SIDE DONUTS, INC.;

n. FLETCHER DONUTS, LLC.;

o. JOHN SALEMA;

p. JESSICA SALEMA;

q. DEREK SALEMA;

r. PETER MARTINS;

s. LORI MARTINS; and

t. ALEXANDER DASILVA.

2. Produce any and all documents in your possession that relate in any way to the entities and or individuals listed above.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DUNKIN' DONUTS FRANCHISED RESTAURANTS LLC, *et al.*,

Plaintiffs and Counterclaim Defendants,

v.

AGAWAM DONUTS, INC., *et al.*,

Defendants, Counterclaim Plaintiffs, and Third-Party Plaintiffs,

v.

DUNKIN' BRANDS, INC., *et al.*,

Third-Party Defendants.

No. 1:07-cv-11444-RWZ

**CERTIFICATION OF AUTHENTICITY OF CUSTODIAN OF RECORDS**

I, the undersigned, ________________, declare, under the penalty of perjury, that I am employed by/associated with Internal Matters, Inc. in the position of ________________ and by reason of my position am authorized and qualified to make this certification.

I further declare that the documents provided to Plaintiffs in the above-referenced action pursuant to a subpoena dated May 1, 2008, are true copies of records that were: made at or near the time of the occurrence of the matters set forth herein, by a person with knowledge of those matters; kept in the course of regularly conducted business activity of Internal Matters, Inc., and made by the said business activity of Internal Matters, Inc. as a regular practice.

Date of execution:______________________

Place of execution: _____________________

Signature:____________________________

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of May, 2008, a true and correct copy of the foregoing Subpoena, Attachment A and Certification of Authenticity of Custodian of Records was served via Federal Express upon the following:

Howard M. Cooper
Todd & Weld LLP
28 State Street
31st Floor
Boston, MA 02109
617-720-2626
Fax: 617-227-5777

Max D. Stern
Stern, Shapiro, Weissberg & Garin
90 Canal Street
Boston, MA 02114-2022
617-742-5800
Fax: 617-742-5858

Stephen J. Vaughan

GRAY
PLANT
MOOTY

2600 VIRGINIA AVENUE, N.W.
SUITE 1111 – THE WATERGATE
WASHINGTON, DC 20037-1931
MAIN: 202.295.2200
FAX: 202.295.2250

DANIELA C. ROJAS
PARALEGAL
DIRECT DIAL: 202.295.2211
DIRECT FAX: 202.295.2261
DANIELA.ROJAS@GPMLAW.COM

May 1, 2008

**VIA CERTIFIED MAIL/**
**RETURN RECEIPT REQUESTED**

Internal Matters, Inc.
1237 East Main Road
Portsmouth, Rhode Island 02871

Re: *Dunkin' Donuts Franchised Restaurants LLC, et al. v. Agawam Donuts, Inc., et al.*
Case No. 07-cv-11444-RWZ

To Whom It May Concern:

I enclose for service upon you in the above referenced matter a subpoena *duces tecum* with Attachment A. Please arrange to produce the documents responsive to this subpoena on or before May 16, 2008. You may contact me at the above telephone number when you receive this subpoena so that we can make arrangements for the copying and production of documents.

Please be advised that although the subpoena directs you to produce the documents at Casner & Edwards, LLP, we would prefer the documents be sent directly to my attention at 2600 Virginia Avenue Northwest, Suite 1111, Washington, DC 20037.

I am also enclosing a Certificate of Authenticity, which should be executed upon production of the requested documents.

If you have any questions, please feel free to contact me. Thank you.

Sincerely,

Daniela C. Rojas
Paralegal

Enclosures

GP:2370010 v1